```
                       United States Bankruptcy Court
                       Middle District of Pennsylvania
In re:                                                       Case No. 19-00951-HWV
Randy A. Doll                                                Chapter 13
          Debtor               CERTIFICATE OF NOTICE
District/off: 0314-1           User: DGeorge              Page 1 of 1          Date Rcvd: Apr 15, 2019
                               Form ID: pdf002            Total Noticed: 17
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 17, 2019.
```
db             +Randy A. Doll,    817 Lancaster Avenue,    York, PA 17403-2927
5170542         Advanced Vein and Laser Center,    191 Leader Heights Road,    York, PA 17402-4714
5170543        +Beech Tree Podiatry, PC,    1546 E. Market Street,    York, PA 17403-1255
5170544        +Citibank/Goodyear,    Citibank Corp/Centralized Bankruptcy,    Po Box 790034,
                 St Louis, MO 63179-0034
5170545        +Fay Servicing Llc,    Attn: Bankruptcy,    440 S Lasalle St Suite 2000,    Chicago, IL 60605-5011
5180144        +Fay Servicing, LLC,    c/o McCALLA RAYMER LEIBERT PIERCE, LLC,    Bankruptcy Department,
                 1544 Old Alabama Road,    Roswell, GA 30076-2102
5170546        +Internal Medicine Consultants of Yo,    1777 Fifth Avenue,    York, PA 17403-2698
5170549        +Michelle Ross, Tax Collector,    Township of Spring Garden,    558 S Ogontz Street,
                 York, PA 17403-5709
5170550        +New Cumberland F C U,    345 Lewisberry Rd,    New Cumberland, PA 17070-2306
5171865        +New Cumberland Federal Credit Union,    PO Box 658,    New Cumberland, PA 17070-0658
5170551         Peerless Credit Services, Inc,    PO Box 518,    Middletown, PA 17057-0518
5170553        +Santander Bank,    Mail Code: MA1-MB3-01-21,    2 Morrissey Boulevard,    Boston, MA 02125-3312
5184042        +Santander Bank, N.A.,    450 Penn Street, MC: 10-421-MC3,    Reading, PA 19602-1011
5170555        +Springwood Dental Associates P.C.,    2084 Springwood Road,    York, PA 17403-4835
5170556         Weaver Eye Associates LLC,    2791 S. Queen Street,    Etters, PA 17319-9540
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5170547        +E-mail/Text: unger@members1st.org Apr 15 2019 19:49:31      Members 1st,    Attn: Bankruptcy Dept,
                 5000 Louise Dr,    Mechanicsburg, PA 17055-4899
5170548        +E-mail/Text: unger@members1st.org Apr 15 2019 19:49:31      Members 1st Fcu,
                 Attn: Bankruptcy Dept,    5000 Louise Drive,    Mechanicsburg, PA 17055-4899
                                                                                               TOTAL: 2

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5170552         Santander
cr*            +Fay Servicing, LLC,    c/o McCalla Raymer Leibert Pierce, LLC,    Bankruptcy Department,
                 1544 Old Alabama Road,    Roswell, GA 30076-2102
5170554*       +Santander Bank,    Mail Code: MA1-MB3-01-21,    2 Morrissey Boulevard,    Boston, MA 02125-3312
                                                                                   TOTALS: 1, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 17, 2019                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 15, 2019 at the address(es) listed below:
```
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor    Metropolitan Life Insurance Company
               bkgroup@kmllawgroup.com
              Stephen Wade Parker    on behalf of Debtor 1 Randy A. Doll Mooneybkecf@gmail.com,
               r61895@notify.bestcase.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 4
```

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE:<br>**Randy A. Doll** | CHAPTER 13<br>CASE NO. |
|---|---|

☑ ORIGINAL PLAN
___ AMENDED AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☑ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

1. The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania.  ☐ Included  ☑ Not Included

2. The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor.  ☑ Included  ☐ Not Included

3. The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G.  ☐ Included  ☑ Not Included

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**11,400.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| **04/19** | **03/24** | 190.00 | 0.00 | 190.00 | 11,400.00 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  | Total Payments: | $**11,400.00** |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 1:19-bk-00951-HWV    Doc 5    Filed 03/08/19    Entered 03/08/19 15:34:03    Desc
Main Document    Page 1 of 5
Case 1:19-bk-00951-HWV    Doc 16    Filed 04/17/19    Entered 04/18/19 00:51:50    Desc
Imaged Certificate of Notice    Page 2 of 6

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: ☑ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

  B.   **Additional Plan Funding From Liquidation of Assets/Other**

    1. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

    *Check one of the following two lines.*

    ☑ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

    ☐ Certain assets will be liquidated as follows:

    2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
    _____

    3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:
    _____

2. **SECURED CLAIMS.**

  A.   **Pre-Confirmation Distributions.** *Check one.*

  ☐ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

  ☑ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|---|
| **Members 1st** | **Attn: Bankruptcy Dept; 5000 Louise Dr; Mechanicsburg, PA 17106** | 0004 | $75.00 |
| | | | |

    1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

    2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

  B.   **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one*.

  ☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

  ☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

2

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Case 1:19-bk-00951-HWV    Doc 5    Filed 03/08/19    Entered 03/08/19 15:34:03    Desc
Main Document     Page 2 of 5
Case 1:19-bk-00951-HWV    Doc 16    Filed 04/17/19    Entered 04/18/19 00:51:50    Desc
Imaged Certificate of Notice     Page 3 of 6

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Fay Servicing Llc | 817 Lancaster Ave. York, PA 17403 York County Value is realtor market analysis from about 3 years ago | 0165 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*
☑ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
☑ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

☑ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action or other (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| Members 1st | 2003 Dodge Dakota 175000 miles | $2,708.00 | 5.25% | $3,111.54 | Plan |

F. **Surrender of Collateral.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees.</u> Complete only one of the following options:

      a. In addition to the retainer of $ **190.00** already paid by the Debtor, the amount of $ **3,810.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c).

      b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
      *Check one of the following two lines.*

   ☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

3

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Case 1:19-bk-00951-HWV   Doc 5   Filed 03/08/19   Entered 03/08/19 15:34:03   Desc
Main Document     Page 3 of 5
Case 1:19-bk-00951-HWV   Doc 16   Filed 04/17/19   Entered 04/18/19 00:51:50   Desc
Imaged Certificate of Notice     Page 4 of 6

B. **Priority Claims (including, certain Domestic Support Obligations**

☐ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

☒ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **Michelle Ross, Tax Collector** | **$2,021.84** |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one of the following two lines.*

☒ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.**
      *Check one of the following two lines.*

   ☒ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   ☒ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ☒ plan confirmation.
   ☐ entry of discharge.
   ☐ closing of case.

7. **DISCHARGE: (Check one)**

   ☒ The debtor will seek a discharge pursuant to § 1328(a).

   ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

4

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

Case 1:19-bk-00951-HWV    Doc 5    Filed 03/08/19    Entered 03/08/19 15:34:03    Desc
Main Document    Page 4 of 5
Case 1:19-bk-00951-HWV    Doc 16    Filed 04/17/19    Entered 04/18/19 00:51:50    Desc
Imaged Certificate of Notice    Page 5 of 6

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:
Level 1:   Adequate protection payments.
Level 2:   Debtor's attorney's fees.
Level 3:   Domestic Support Obligations.
Level 4:   Priority claims, pro rata.
Level 5:   Secured claims, pro rata.
Level 6:   Specially classified unsecured claims.
Level 7:   Timely general unsecured claims.
Level 8:   Untimely filed general unsecured claims to which the Debtor has not objected.

**9.    NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated:   **March 8, 2019**                              **/s/ Stephen Wade Parker**
                                                        **Stephen Wade Parker 315606**
                                                        Attorney for Debtor

                                                        **/s/ Randy A. Doll**
                                                        **Randy A. Doll**
                                                        Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

5

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Case 1:19-bk-00951-HWV    Doc 5    Filed 03/08/19    Entered 03/08/19 15:34:03    Desc
                    Main Document          Page 5 of 5
Case 1:19-bk-00951-HWV    Doc 16    Filed 04/17/19    Entered 04/18/19 00:51:50    Desc
              Imaged Certificate of Notice    Page 6 of 6